# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIESEL GRINDING SERVICES, LLC, | ) CASE NUMBER: |
| *Plaintiff,* | ) REFILED CASE NUMBER 1:23-cv-02165-DAP |
| vs. | ) JUDGE DAN AARON POLSTER |
| ED'S EQUIPMENT, INC., *et al.* | ) **DEFENDANT'S NOTICE OF FILING OF REMOVAL** |
| *Defendants.* | ) |

Now comes Defendant, Ed's Equipment, Inc. ("Ed's") by and through counsel Hunter G. Cavell of the law firm of Cavell Law, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal and hereby removes this case, originally filed in this Court as Case Number 1:23-cv-02165-DAP (the "Original Federal Court Action"), dismissed and refiled in the Court of Common Pleas of the State of Ohio, County of Cuyahoga (hereinafter, the "Court of Common Pleas") under Case Number CV-23-988722 (the "State Court Action"). Removal is timely and based on diversity jurisdiction because complete diversity exists between Plaintiff, Diesel Grinding Services, LLC ("Diesel" or "Plaintiff") on the one hand, and all Defendants on the other, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). In accordance with 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process, pleadings, motions, and orders served on Defendants—are set forth below and attached as exhibits hereto.

## BACKGROUND

Plaintiff commenced this action in this Court by filing a Complaint (the "Federal Action") on November 6, 2023. Plaintiff then filed a Notice of Dismissal on November 15, 2023, and the Federal Action was dismissed on November 17, 2023. On November 16, 2023, Plaintiff filed the

State Court Action. Based on the allegations in the State Court Action and the attached exhibits, the Removing Defendant, Ed's, affirms that removal is proper for the following reasons:

### REMOVAL IS TIMELY

**State Court Record.** Plaintiff served Ed's with a copy of the Summons and Complaint on November 17, 2023. True and accurate copies of the Docket & Complaint; and, Summons in the State Court Action are attached hereto as Exhibits "A" and "B", respectively. The same day, Plaintiff filed a Motion for Order of Possession Pursuant to O.R.C. § 2737.03 ("Motion") attached hereto as Exhibit "C". While not part of the record of the Original Federal Court Action, Honorable Judge Polster previously denied Plaintiff's Motion for Order of Possession before Plaintiff dismissed the Original Federal Court Action. Exhibits A, B, and C constitute all process, pleadings, motions, and orders served on Ed's.

**Removal is Timely.** Under 28 U.S.C. § 1446(b) and Sixth Circuit case law, Ed's timely removes Plaintiff's State Court Action within thirty (30) days of service. *See* 28 U.S.C. § 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal.").

### THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

**The State Court Action.** In the State Court Action, as set forth in the Complaint, Plaintiff seeks to recover compensatory damages, punitive damages, attorneys' fees and costs, and interest from Defendants based upon what appears to be allegations sounding in fraud and breach of contract under Ohio state common law.

**Diversity of Citizenship**. This Honorable Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states

and Plaintiff has alleged to Ed's the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00). Ed's denies all liability to Plaintiff.

**Complete Diversity.** Specifically, the State Court Action is subject to removal from its allegations asserted in the Complaint as follows:

> 3. Plaintiff Diesel Grinding Services, LLC is a limited liability company organized under the laws of South Carolina.
> * * *
> 5. Defendant Ed's Equipment, Inc. is an Ohio corporation with a principal place of business at 4567 East 71st Street, Cleveland, Ohio and is thus a citizen of Ohio.
> 6. Defendant John Doe is an individual and/or business entity that previously owned the Grinder, whose identity and/or form of business organization are not known to Plaintiff at this time, but who is believed to be a citizen of Texas.

*See* Complaint, attached hereto as Exhibit A. Ed's does not have reason to believe that complete diversity does not exist between Plaintiff and both Defendants. Therefore, for diversity analysis, Plaintiff is a resident of South Carolina, and Defendants are residents of Ohio and Texas. Accordingly, there is complete diversity between Plaintiff and both Defendants.

**Amount in Controversy.** Plaintiff seeks damages in an amount more than the jurisdictional minimum. *See* 28 U.S.C. § 1332(a). Specifically, Ed's is informed and believes, and based upon the allegations in the State Court Action, Plaintiff seeks to recover no less than $75,000.00 plus punitive damages, attorneys' fees, costs, and interest. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and Ed's has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.");

*Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 WL 1315151 (N.D.Ohio Mar. 14, 2018). Moreover, this action is of a civil nature.

**Denial of Liability.** Ed's denies all liability to Plaintiff.

**Removal is Proper.** This case is properly removable under 28 U.S.C. §§ 1332, 1441, and 1446.

**Unanimous Consent.** All "properly joined and served" Defendants join in this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A).

**Time to Remove Has Not Expired.** Removal is timely under 28 U.S.C. § 1446(b) because Ed's was served with a copy of Plaintiff's State Court Action Complaint on or about November 17, 2023. This Notice of Removal is being filed on November 22, 2023, which is within thirty (30) days after service of the Summons and Complaint and is therefore timely.

**Venue is Proper.** Venue lies in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1441(a) because this District includes the County of Cuyahoga, and the state court in which the State Court Action was commenced is within this Honorable Court's District. Venue further lies in the Cleveland, Ohio office of the Eastern Division of the Northern District of Ohio pursuant to Local Rule 3.8 of the Local Civil Rules for the United States District Court, Northern District of Ohio. A copy of the Civil Cover Sheet is attached as Exhibit "D".

**Notice to Clerk of the Court of Common Pleas and Plaintiff.** Pursuant to 28 U.S.C. § 1446(d), Ed's will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, County of Cuyahoga, and a copy of this Notice of Removal

will also be served on Plaintiff. A copy of the Notice to the Court of Common Pleas of Filing of Removal is attached hereto as Exhibit "E".

**General Reservation of Rights.** Ed's reserves the right to assert all defenses, objections, motions, and counterclaims to the Complaint.

**This Honorable Court Should Accept Removal.** Ed's requests that this Honorable Court accepts this Notice of Removal, assumes jurisdiction of this case, and issues such further orders and processes as may be necessary to bring before it all parties necessary for the disposition of the same.

ACCORDINGLY, Ed's hereby removes to this Honorable Court the State Court Action pending as *DIESEL GRINDING SERVICES, LLC V. ED'S EQUIPMENT, INC., et al.*, Case Number CV-23-988722.

Respectfully submitted,

**CAVELL LAW, LLC**

*/s/ Hunter G. Cavell*
HUNTER G. CAVELL (0090567)
30625 Solon Road, Suite C
Solon, Ohio 44139
Ph: 440-940-6443
Fax: 440-448-4901
hcavell@cavelllaw.com
*Counsel for Defendant, Ed's Equipment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Additionally, a copy of the foregoing was served upon the following by e-mail to:

Dustin Rawlin, Esq.
Savannah Fox, Esq.
NELSON MULLINS RILEY & SCARBOROUGH LLP
1100 Superior Avenue, Suite 2000
Cleveland, Ohio 44114
dustin.rawlin@nelsonmullins.com
savannah.fox@nelsonmullins.com

**CAVELL LAW, LLC**

 */s/ Hunter G. Cavell*
HUNTER G. CAVELL (0090567)